103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David BREEN, Defendant-Appellant.
 No. 96-30167.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 6, 1996.
 
 Before: SNEED, TROTT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Breen appeals the district court's denial of his motion for resentencing under the Sentencing Guidelines for his guilty plea conviction of conspiring to manufacture marijuana. Breen contends that Amendment 516 to the Drug Quantity Table of U.S.S.G. § 2D1.1 is retroactive and would require resentencing, and on resentencing he would qualify under the safety valve provision for a reduced sentence. We affirm.
 
 
 3
 In our recent decision in United States v. Mullanix, No. 96-30121, slip op. 14335 (9th Cir. October 30, 1996), we held that where a defendant is sentenced pursuant to the statutorily required minimum, rather than pursuant to a sentencing range, a district court has no authority to reduce the sentence under 18 U.S.C. § 3582(c)(2). Breen, like the defendant in Mullanix, had a guideline range of fifty-seven to seventy-one months. Breen, like Mullanix, was sentenced "to the statutorily required minimum of sixty months." Breen, unlike Mullanix, was granted a downward departure for substantial assistance to the government pursuant to U.S.S.G. § 5K1.1, and received a sentence of 48 months imprisonment.
 
 
 4
 Breen contends that because his pre-departure sentence of 60 months was within the guideline range, he was sentenced pursuant to the guidelines, and therefore eligible for resentencing under 18 U.S.C. § 3582(c). A district court only has authority to modify a sentence under Section 3582(c)(2) where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered." Here, a resentence of Breen pursuant to Amendment 516 would result in a 12-18 month sentence and the mandatory minimum dictates a 48 month sentence. Breen is already serving a 48 month sentence. We agree with the district court that, if resentenced, Breen would be subject to the mandatory minimum, and therefore his sentencing range has not been subsequently lowered.
 
 
 5
 Breen further contends that even if the 60 month sentence was pursuant to the statutory mandatory minimum, that the Section 5K1.1 substantial assistance departure "waived" the application and effect of a mandatory minimum sentence. Breen, however, errs in assuming that Section 5K1.1 is used to calculate the adjusted offense level. A motion under Section 5K1.1 only gives the court the authority to make a departure once the initial sentence has been determined. The departure pursuant to Section 5K1.1, therefore, did not "waive" the application of the mandatory minimum sentence. Accordingly, the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3